## DUDLEY PORTER, administrator, *vs.* MICHAEL SHAW.

A mortgagee of land, who on a writ of entry against the mortgagor has obtained judgment for possession and afterwards conveyed his whole title to a third person, cannot maintain a *scire facias* on such judgment; nor can a *scire facias* be maintained thereon in his name by his grantee after accepting the mortgagor as tenant of the land.

If, on trial of a *scire facias* upon a judgment for possession of land, the defendant asks if it is prosecuted for the benefit of a person other than the nominal plaintiff, and the judge rules that if it is so the plaintiff's counsel must state the fact, who replies that he has no objection to make the statement, and that it is so prosecuted; and in the further course of the trial it is agreed that the plaintiff did, before the suing out of the *scire facias*, convey to such person his whole title to the land; there is no ground of exception to such ruling of the judge, nor to his permission to the defendant to amend his answer without terms so as to set up in defence that such grantee had accepted him as tenant of the land.

On trial of a *scire facias* upon a judgment for possession of land which the parties agree that since such judgment the plaintiff has conveyed to A., for whose benefit the *scire facias* is prosecuted, the record of an action for possession of the land brought by B. against the same defendant since the date of said conveyance to A., which record the plaintiff offers in evidence as a basis for proving that B. in such action claimed under a lease from A., and that the defendant prevailed therein on the ground that B. did not prove that A. had title to the premises, is immaterial and inadmissible.

SCIRE FACIAS on a judgment for possession of a lot of land in Haverhill. Writ dated May 11, 1867. Answer, that before the date of the writ the plaintiff had conveyed all his title in the premises to James H. Carleton.

By facts agreed in the superior court it appeared that the plaintiff, on a writ of entry, which he brought in that court upon a mortgage of the land from the defendant to the plaintiff's

intestate, obtained judgment in his favor in June 1865, and on July 19, 1865, took out execution for possession and costs; that the writ of execution was lost or destroyed, no service thereof having been made; that on March 12, 1866, the plaintiff conveyed the land to Carleton for a valuable consideration by deed of quitclaim with the usual covenants; and that, ever since this conveyance, Carleton had suffered the defendant to occupy the land " with the understanding that said defendant should eventually pay up the mortgage, but such mortgage has not yet been fully paid."

Judgment being ordered *pro formâ* for the defendant, the plaintiff appealed.

*J. A. Gillis & T. D. Hodges,* for the plaintiff.

*H. Carter,* for the defendant.

BY THE COURT.  A fact material to the decision does not appear to us to be stated with sufficient distinctness in the agreed statement to enable the court to give a judgment upon it.  If Carleton has obtained possession under his deed from the plaintiff, and the defendant is holding the premises as his tenant or by his license, recognizing his title, there is no need of an *alias* writ of possession in the name of the plaintiff, and he is not entitled to maintain the *scire facias* to obtain one.

But if Carleton has not obtained peaceable possession, and the defendant has not consented to hold under him, Carleton is entitled to prosecute the *scire facias* in the name of the plaintiff to get possession, which, when obtained, will enure to his benefit by reason of the covenants in the plaintiff's deed to him.

As the parties do not agree on the construction of the agreed statement of facts in this respect, and it is ambiguous, the statement of facts must be discharged, and the

                                        *Case stand for trial.*


At the trial, before *Wilkinson,* J., during the opening argument of the plaintiff's counsel, the counsel for the defendant " moved that, if Carleton was the plaintiff in interest, the plaintiff be required to amend his writ so as to state that fact;" and the judge ruled that, if the plaintiff's counsel desired to prose-

cute the case for Carleton's benefit, he must then say so, where-upon he said that he " had no objection to giving the information," and that the suit was brought at the request of Carleton and for his benefit.    It being agreed that the statement of facts previously agreed and above recited should be taken as proved, the plaintiff rested his case; and the judge ruled that the burden was on the defendant to show " that Carleton had obtained possession under his deed from Porter, and that the defendant is holding the premises as his tenant or by his license, recognizing his title."

The defendant offered in evidence a notice dated January 10, 1867, signed by Carleton and addressed to the defendant as his tenant, to quit the premises for nonpayment of rent.    The plaintiff objected to its admission, for the reason that no such defence was set up in the answer.    But the judge ruled that the defendant might amend his answer without terms, which he accordingly did by alleging that at the date of the writ he was Carleton's recognized tenant, and so that Carleton had such possession of the premises as precluded him from maintaining this action in the plaintiff's name ; and the notice was then admitted.

The defendant further called as a witness Alfred Kittredge, a justice of the peace, who produced the record of an action brought by Carleton against the defendant for possession of the premises after the foregoing notice to quit, and testified that it was decided in favor of the defendant on the ground of defects in the form and service of the notice, and that, at the trial thereof on February 11, 1867, Carleton testified that he had let the premises to the defendant for a monthly rent, and that the defendant had paid in labor for a portion of the rent.

The witness being asked, on cross-examination, whether another trial between the same parties for possession of the same premises was not had before him, and objection being made to the question on the ground that the record was the proper evidence of such a fact, the plaintiff offered in evidence the record of an action by Sylvester Chase against this defendant for possession of the premises, tried before the witness on March 8, 1867, and stated, as reasons for the admission of said

record, that he expected to show, on cross-examination of the witness, that Carleton made a lease to Chase subsequently to the first trial before Kittredge, that said lease was collusive and made merely to determine the defendant's tenancy, and enable Chase to eject him for the benefit of Carleton, and that at the trial the defendant prevailed on the ground that Chase did not prove that Carleton had title to the premises in question. But the judge excluded this record.

The plaintiff then called Carleton as a witness, who testified that the present action was brought at his request, that he had never made any actual entry upon the premises, but that he agreed orally with the defendant to buy them and let them to him at a certain rent per month, in consideration of the defendant's promise to stop drinking, and subsequently took from Porter the quitclaim deed, and, understanding that the defendant was his tenant, received services from him to a considerable amount, but, as the defendant persistently failed to keep his promise to stop drinking, signed the notice to him to quit, brought the action before Kittredge, and testified therein as Kittredge had represented.

The judge directed a verdict for the defendant, which being returned, the plaintiff alleged exceptions, which were argued at November term 1868 for Essex.

*T. D. Hodges,* for the plaintiff.

*H. Carter,* (*J. P. Jones* with him,) for the defendant.

Hoar, J. The bill of exceptions would seem to indicate some misapprehension on the part of the plaintiff of the real question at issue in the case.

The plaintiff recovered judgment on a writ of entry upon a mortgage, and a writ of possession issued. That writ was lost or destroyed before service, and this writ of *scire facias* is brought to obtain an *alias.* But, before the *scire facias* was sued out the plaintiff had conveyed his whole title to Carleton. The defendant pleaded this conveyance, and that Carleton had taken possession of the land before the writ of *scire facias* was sued out; and that he was in occupation only as the tenant of Carleton. When the case was before this court on an agreed state-

ment of facts in January last, the statement of facts was dis-charged, because it did not contain an agreement of the fact which was in our opinion material to the decision; namely, whether Carleton had taken possession under his deed, and the defendant had become his tenant. At the present trial, Carleton himself testified that the defendant agreed to become his tenant at a rent agreed; that he had understood him to be his tenant, and had received services from him on that understanding; and had given him a notice to quit.

These facts seem to be decisive. The defendant pleads that he was tenant to Carleton; and Carleton testifies, uncontra-dicted, that he accepted him as such. It is agreed that the plaintiff had parted with his whole title, and proved that Carle-ton, his grantee, had obtained possession by the attornment to him of the defendant. How then could it prejudice the plain-tiff that he was required to state whether the suit was prosecuted for Carleton's benefit? If it were not so prosecuted, the plain-tiff would be without any pretence for maintaining it; because, having parted with his whole title, he would have no right to the possession, and therefore no occasion for a writ of posses-sion. If Carleton had not obtained possession, then the writ of possession would be necessary to enable the plaintiff to make his conveyance complete, and give full effect to it. But if Carleton had not only received the conveyance, but had obtained possession under it, and the defendant is occupying under him as a tenant, then the defendant is in by a new title, which the plaintiff has no interest to disturb.

The exceptions therefore cannot be supported. The declara-tion required by the court was not only agreed to by the plain-tiff, but it was not prejudicial to him. The amendment to the answer was properly allowed, because the previous agreement of facts was a waiver of all objections to the form of pleadings, and the case had been sent back for trial upon that very point. It was also immaterial, because it was merely a reply to the ground taken by the plaintiff in avoidance of the first answer. The record of the suit *Chase* v. *Shaw* was not material as evi-dence, because it did not decide that Shaw had not become the

tenant of Carleton, and would not control the positive testimony of Carleton, and the defendant's admission. No point has been made by the plaintiff upon the claim in the writ of *scire facias* that his writ of possession remains unsatisfied so far as it includes an execution for costs; and we therefore do not consider it. *Exceptions overruled.*